WATSON, Justice.
After pleading guilty to two counts of attempted simple burglary, defendant, Ty-ronne Hunter, was placed on three years active probation. One condition of probation was a year in parish prison. The probationary period expired on May 17, 1980. Thirteen days later, on May 30, 1980, the State filed a rule to show cause why probation should not be revoked. At the hearing on June 13, 1980, the trial court granted defendant’s motion to quash the rule. The State sought appellate review and a writ of certiorari was granted.
On August 25, 1978, the Louisiana Department of Corrections sent a letter to the trial court indicating that Tyronne Hunter had been arrested for the currency theft of $100. A second letter stated that Hunter had been convicted of the currency theft but was out on bond pending appeal. The letter added that Hunter had been arrested for burglary and possession of property worth $89, but the District Attorney had refused charges. A subsequent letter, on September 19, 1979, alleged that Hunter had been arrested for murder and resisting arrest on September 12.
In a per curiam opinion, the trial judge stated that copies of these letters had been forwarded to the District Attorney. The judge noted that the letters were received well within the probationary period, but the *845 rule to revoke was not filed until 13 days after defendant’s probation terminated. The rule was quashed as untimely and without sufficient grounds under either LSA-C. Cr.P. art. 900 or 901.
Attached to the State’s writ application is a copy of a letter requesting that proceedings be instituted to revoke Hunter’s probar tion. This letter is dated May 7, 1980, ten days before expiration of the probationary period.
The State contends that, since Hunter’s violations occurred within the probationary period, the letter requesting revocation proceedings was written within that period and the hearing on the rule was only a short time later, the revocation hearing was within a reasonable time.
A defendant’s sentence is satisfied when he completes the period of probation imposed. LSA-C.Cr.P. art. 898. The running of the period of probation is interrupted when a warrant of arrest for violation of conditions issues. LSA-C.Cr.P. art. 899. Here, there was no warrant of arrest during the probationary period. Since the warrant did not issue within that period, the question of whether the State was dilatory in its execution does not arise. Compare State v. Martens, 338 So.2d 95 (La., 1976); State v. Harris, 342 So.2d 179 (La., 1977); and State v. Jones, 285 So.2d 231 (La., 1973). The State cannot issue a valid warrant or summons for revocation after the defendant has satisfied the sentence imposed by completing the probationary period.
For the foregoing reasons, the judgment of the trial court quashing the State’s rule to show cause is affirmed.
AFFIRMED.