408 So.2d 909 (1981)
STATE of Louisiana
v.
Richard T. BROUSSARD.
No. 81-K-1647.
Supreme Court of Louisiana.
December 14, 1981.
Rehearing Denied February 5, 1982.
W. Kenneth Klein, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.
This is a proceeding to revoke probation. The probationary period of defendant, Richard T. Broussard, expired on June 8, 1981, but Broussard was summarily arrested by his probation officer on June 10. LSA-C.Cr.P. *910 art. 899B.[1] The state had filed a rule to show cause why probation should not be revoked on June 1. A motion to quash the rule was denied by the trial court, and a writ was granted to review the ruling.
The rule to revoke alleged that a probation violation occurred on November 30, 1979, when Broussard was arrested in the State of Texas. Broussard subsequently returned to Louisiana and took up residence at 4229 Canal Street. He was not a fugitive from justice and a warrant of arrest could have been executed within his period of probation. State v. Martens, 338 So.2d 95 (La., 1976); State v. Jones, 285 So.2d 231 (La., 1973).
No warrant was ever issued for defendant's arrest, but the state contends that the rule to show cause interrupted the probationary period. Attached to the rule is an order for defendant to appear and show cause on June 16, 1981, why his probation should not be revoked. This order amounts to a summons to appear and answer the charges of parole violation. LSA-C.Cr.P. art. 899A.[2]
LSA-C.Cr.P. art. 899D[3] provides that the running of the period of probation shall cease as of the time an arrest warrant is issued. Even granting the state's contention that personal service of a summons also interrupts the period of probation, there is no evidence that the rule to show cause was served on defendant Broussard prior to the time his probationary period was completed on June 8, 1981. Although revocation proceedings were instituted during the probationary period, the record does not reflect that Broussard was notified of those proceedings until after his probation terminated. Compare State v. Rome, 392 So.2d 407 (La., 1980). Due process requires that a probationer be given notice that a revocation hearing will take place. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Absent any notice or showing by the state that defendant could not be served, the sentence was automatically satisfied when the probationary period terminated. LSA-C.Cr.P. art. 898;[4]State v. Hunter, 391 So.2d 844 (La., 1980); State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La., 1979); and State v. Harris, 342 So.2d 179 (La., 1977).
For the foregoing reasons, the ruling of the trial court is reversed; the state's rule *911 to show cause why probation should not be revoked is quashed; and defendant is discharged.
REVERSED.
LEMMON, J., dissents and assigns reasons.
MARCUS and BLANCHE, JJ., dissent for reasons assigned by LEMMON, J.
LEMMON, Justice, dissenting.
The majority errs in holding that a probation revocation proceeding, instituted during the probationary period, is not timely because no warrant was issued before the date on which probation was scheduled to terminate.
After sentencing defendant to serve three years, the trial judge allowed defendant an opportunity to keep from serving that sentence, conditioned on defendant's refraining from criminal conduct for a full three years. Defendant had no right to probation in the first place, and after receiving probation, defendant had no right to be relieved of serving the sentence until he completed three years free of criminal conduct.[1] Defendant did not do so (according to the allegations of the pleading), and he should not be relieved of serving the sentence, at least when the violation (occurring seven months before the end of the probationary period) is asserted in a revocation proceeding instituted before the end of the period.
Nothing in the statutory scheme requires more than instituting revocation proceedings within the probationary period (except perhaps conducting the proceedings in due course). It is a mistake for the court to impose an additional requirement when there are no considerations of fair play involved. The state admittedly should have been more diligent, but that is no reason to relieve a convicted drug offender from serving his sentence when he has (allegedly) committed another drug offense during his probationary period.
NOTES
[1] LSA-C.Cr.P. art. 899B provides:

"If a probation officer has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation or that an emergency exists so that awaiting an order of the court would create an undue risk to the public or to the probationer, the probation officer may arrest the defendant without a warrant, or may authorize a peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant. The probation officer shall immediately notify the proper court of the arrest and shall submit a written report showing in what manner the defendant violated, or was about to violate, a condition of his probation."
[2] LSA-C.Cr.P. art. 899A provides:

"At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation. "The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant."
[3] LSA-C.Cr.P. art. 899D provides:

"When a warrant for a defendant's arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued."
[4] LSA-C.Cr.P. art. 898 provides:

"Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897, the defendant shall have satisfied the sentence imposed. Where part of a sentence is suspended, this provision shall not apply until the unsuspended part has been satisfied."
[1] C.Cr.P. Art. 898 provides that the sentence is satisfied "upon completion of the period ... of the probation". (Emphasis supplied.)