FORET, Judge.
This case is here on a Writ of Certiorari granted by this Court. The defendant, Howard Bruno, applied for writs after his probation was revoked by the Fifteenth Judicial District Court, which ordered him to serve out the complete term of his original sentence. We reverse the judgment of the trial court.
FACTS
On Monday, October 11, 1982, the defendant plead guilty to a charge of distribution of Phenmetrazine, in violation of LSA-R.S. 40:967. He waived sentencing delays and received a two-year sentence, which was suspended. The defendant was placed on active supervised probation for a term of two years. On October 9, 1984, a hearing was scheduled to consider whether defendant’s probation should be extended. The defendant did not appear at the hearing, and a bench warrant was issued on that date. The warrant was not executed until-October 23, and the defendant’s probation was revoked at a hearing held on October 26. The defendant was ordered to serve his original two-year term in the custody of the Department of Corrections.
ASSIGNMENT OF ERRORS
The defendant argues that the October 26 revocation was untimely and, therefore, illegal because his probation period expired October 11, 1984. We find merit in the defendant’s contention that the period of probation was not suspended by the mere issuance of a bench warrant for the defendant’s failure to appear at the October 9 hearing. Defendant testified that he had not been served with any summons or subpoena commanding him to appear on October 9. In fact, the Sheriff was unable to locate the defendant’s street address and returned the subpoena. The defendant also testified that his probation officer indicated to him in September that a hearing might be conducted, but denied that he was given a copy of the court’s order for the hearing as alleged by the probation officer. The trial court revoked defendant’s probation on October 26 because it felt that defendant had lied about not receiving the notice in question.
LSA-C.Cr.P. Art. 899(A) says:
“A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.”
Section (D) says:
“D. When a warrant for a defendant’s arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued.”
*449 While the above quoted statute provides that the running of a defendant’s period of probation may be suspended in the above instance, our courts have held that this suspension requires both the issuance and execution of a warrant before the period of probation expires.
In State v. Broussard, 408 So.2d 909 (La.1981), the State contended that the issuance of the rule to show cause why the defendant’s probation should not be revoked suspended the running of the probation period. Here, as in Broussard, the defendant testified that he had never been served with the rule, and there was no evidence that there had beeii service. The Supreme Court held that:
“Absent any notice or showing by the state that defendant could not be served, the sentence was automatically satisfied when the probationary period terminated. LSA-C.Cr.P. art. 894;4 State v. Hunter, 391 So.2d 844 (La.1980); State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La., 1979); and State v. Harris, 342 So.2d 179 (La., 1977).”
Broussard, at page 910.
The State did not show in this case that defendant could not be served. In fact, the probation officer testified that he had visited the defendant at the address which the Sheriff said he was unable to find.
The Supreme Court, in State v. Rome, 392 So.2d 407 (La.1980) said:
“We have previously held that the running of the probationary period is not suspended simply by the issuance of the warrant during the period; the warrant must be executed to suspend the running of the period. State v. Martens, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973). C.Cr.P. 899(D) provides a limited exception to this general rule; it permits the state to stop the running of the period by proving that the warrant cannot be executed. However, the state must demonstrate that the failure to execute the warrant is due to the defendant’s actions, not the state’s inaction. The state must show that the defendant concealed himself or fled the jurisdiction of the court in order to make execution of the warrant impossible. State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La.1979); State v. Harris, 342 So.2d 179 (La.1977). Where the state can execute a warrant timely but makes no attempt to do so, the running of the probationary period is not suspended, and a subsequent untimely revocation will be declared illegal.”
The bench warrant was timely issued on October 9, but it was not executed until October 23, and there is no evidence to show that the State was unable to execute the warrant earlier or that inexecution was due to the defendant’s action. Therefore, we find that the execution of the warrant was not timely, and the defendant’s sentence was satisfied when the period of probation terminated on October 11, 1984.
Accordingly, the judgment of the trial court revoking the defendant’s probation is hereby reversed.
REVERSED.