527 So.2d 1036 (1988)
STATE of Louisiana, Appellee,
v.
Clifford NEWMAN, Jr., Appellant.
No. 19745-KW.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Rehearing Denied July 7, 1988.
Indigent Defender's Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., and Gay Caldwell Gaskins and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Chief Judge.
Defendant Clifford Newman, Jr. was charged and pled guilty to driving while intoxicated, first offense in violation of LSA-R.S. 14:98. The trial court ordered defendant to pay a $500 fine and court costs, sentenced him to six months in the parish jail, which it suspended, and placed him on two years of active supervised probation. During the probationary period a probation revocation warrant was issued for defendant's arrest but was not executed until after the original probationary term expired. A hearing was held where the court found defendant had violated the conditions of his probation, revoked the probation, and ordered defendant to serve the six months, previously suspended, in the parish jail. Defendant applied for supervisory writs, contending that (1) under LSA-C.Cr.P. Art. 899 D the mere issuance of the arrest warrant does not suspend the running of the probationary period, and (2) if the issuance of the arrest warrant suspends the running of the probationary period, the statute is unconstitutional as written *1037 and as applied in that it deprives him of liberty without due process of law in contravention of the due process clause of U.S. Const. amend. XIV, § 1 and La. Const. art. I, § 2 (1974). Finding defendant's contentions meritless, we affirm.
Defendant was sentenced on October 31, 1985. On June 26, 1986 a probation revocation warrant was issued by the trial court for defendant's arrest. The warrant was not executed until November 2, 1987, at which time defendant was arrested and taken to Caddo Detention Center.
On November 3, 1987 a petition for cause was prepared by probation officer Perry G. Ricke in which he requested the court to revoke defendant's probation for the following violations:
(1) Not refraining from criminal conduct;
(2) Failure to report to the probation officer since February 14, 1986;
(3) Not informing the probation officer of his whereabouts;
(4) Not remaining within the jurisdiction of the court;
(5) Not making a full and truthful report at the end of each month since February 14, 1986;
(6) Non-compliance with the Substance Abuse Program;
(7) Failure to pay $10 per month to the probation office;
(8) Not performing four 8-hour days of community service work; and
(9) Failure to complete the Driver Improvement Program.
A hearing was held on November 18, 1987 at which testimony was adduced from the probation officer as to defendant's actions during the probationary period and what efforts the probation office made to contact defendant and serve the arrest warrant.
The record reveals that on November 1, 1985 defendant reported to the probation office. On November 19, 1985 defendant reported his address as 2921 Abbie Street in Shreveport. On January 30, 1986 Agent Walker spoke to defendant's aunt at the Abbie Street address and she informed him that defendant did not live there and his whereabouts were unknown to her. Defendant reported to the office on February 14, 1986 and again gave his address as 2921 Abbie Street. Agent Walker went back to that address on April 3rd and May 19th. Defendant's grandmother informed him that defendant did not live there. The agent left a message and a card for defendant to report to the district office immediately. On June 18, 1986 a warrant was signed for defendant's arrest. On July 14, 1986 the Sheriff's Office attempted to apprehend a person who looked like defendant but proved to be someone else. On August 1, 1986 Agent Wyche found another address, 427 Marks Street, listed for defendant on a jail list at Caddo Detention Center. Defendant was in CDC serving the 60 day sentence in default of payment of the fine on the DWI conviction, according to statements by defendant and his counsel.
On December 3, 1986, Agents Walker and Wyche went to the Marks Street address and spoke to Barbara Holland. She told the agents that defendant did not live there but lived somewhere in the Lakeside area. The agents contacted the aunt again on this date and she told them she had not seen defendant in a while.
Agent Ricke took over defendant's file in April of 1987 but did not work it until defendant's arrest on a driving while under suspension charge in September of 1987. The officer received a rap sheet on defendant September 24, 1987 which listed his address as 1601 St. Landry Street. Agent Ricke located defendant and arrested him at this address on November 2, 1987.
The trial court found that issuance of the probation revocation arrest warrant interrupted defendant's probationary period, the officers had made reasonable efforts to execute the warrant, and execution of the arrest warrant two days subsequent to the original term was timely. The court determined that defendant had violated several conditions of his probation and sentenced him to six months in the parish jail, with credit for any time already served.

*1038 I.
Upon completion of the period of suspension of sentence or probation the defendant shall have satisfied the sentence imposed. LSA-C.Cr.P. Art. 898. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation. LSA-C.Cr.P. Art. 899 A.
LSA-C.Cr.P. Art. 899 D provides:
D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.
Defendant argues that issuance of the arrest warrant within the probationary period is not enough to suspend the running of the probationary period. He contends that the jurisprudence interpreting Article 899 D requires that the state show that the warrant could not be executed before the probationary period would be suspended. He argues that since the state did not make the requisite showing, his sentence was satisfied on October 31, 1987.
Defendant cites jurisprudence which interpreted Article 899 D prior to the 1985 amendment. State v. Broussard, 408 So. 2d 909 (La.1981); State v. Rome, 392 So.2d 407 (La.1980); and State v. Goodwin, 465 So.2d 279 (La.App. 2d Cir.1985). Prior to the amendment the article provided:
D. When a warrant for a defendant's arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued.
The article previously provided that the period of probation shall cease if the warrant "cannot be executed." This requirement was eliminated by the amendment and the article now provides that the probation period ceases when a warrant is issued as of the time of issuance.
The statute as amended is clear. The probationary period is suspended by the issuance of an arrest warrant. The cases decided under the statute prior to the amendment are not applicable since the statute no longer conditions suspension of the probationary period upon the inability of the state to execute the warrant.

II.
Defendant argues that Article 899 D as written and as applied in this case deprives him of liberty without due process of law in violation of U.S. Const. amend. XIV, § 1 and La. Const. art. I, § 2 (1974). He cites Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and State v. Broussard, supra, which recognize that since probation revocation results in a loss of liberty, certain minimum due process requirements are applicable to probation revocation procedures. See also State v. Davis, 375 So.2d 69 (La.1979) and State v. Jones, 285 So.2d 231 (La.1973).
The statute is not unconstitutional as written. Issuance of an arrest warrant on a showing of probable cause that the probationer has violated conditions of probation is an initial step in the probation revocation procedure. There is nothing inherently unfair in the provision that this initial step suspends the running of the probation period. Numerous situations exist where the probation revocation procedure might not be completed until after expiration of the original probation period, such as where the violation occurs and the warrant is issued near the end of the period or where the probationer cannot be located in spite of reasonable efforts to serve the warrant. See State v. Rome, supra. in which a probation revocation was upheld where the warrant has issued and executed during the probation period but the hearing and revocation did not occur until after the expiration of the period. The court held that "[t]he state satisfied due process requirements that the hearing and determination on the revocation charges be held within a reasonably prompt time after the *1039 charges are made." See also Annotation, "Power of Court, After Expiration of Probation Term, To Revoke or Modify Probation for Violations Committed During the Probation Term", 13 A.L.R. 4th 1240 (1982).
Due process requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice. Buchalter v. People of the State of New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943); Shields v. Beto, 370 F.2d 1003 (5th Cir.1967). These fundamental principles may be violated by the state if it (1) acts in a manner to deprive the defendant of a fair hearing, or (2) acts in a manner so reckless or negligent in carrying out is duties that it disregards defendant's liberty interest thereby subjecting defendant to a prison term after the initial probation term has expired at the whim of the corrections department.
A probationer may not avoid the revocation of his probation by mere allegations of the state's delay in execution of an arrest warrant. The probationer must first establish that he was prejudiced by the inaction of the corrections department so that he may not be afforded a fair hearing concerning his probation violations. After the probationer establishes prejudice the state is required to explain the reasons for delay in execution of the arrest warrant. See United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Coleman, 380 So.2d 613 (La.1980); State v. Crain, 379 So.2d 1094 (La.1980); State v. Malvo, 357 So.2d 1084 (La.1978). The court then must consider all the circumstances surrounding the state's discretion in both issuing and executing the warrant considering both the capability of the state to execute and the presence of defendant within the designated area delineated by the conditions of probation. Cf. United States v. Lovasco, supra.
We find in this case no evidence of prejudice to defendant in the revocation hearing. Violations of several conditions of probation by defendant were proven by the state and defendant offered no evidence to contradict the state's proof.
Furthermore, we find that the actions of the corrections department in delaying the execution of the arrest warrant until two days after the original probation term was not in disregard of defendant's liberty interest and not inconsistent with fundamental principles of liberty and justice. See State v. Kline, 475 So.2d 1093 (La.1985); Johnson v. Williford, 682 F.2d 868 (9th Cir.1982); Shields v. Beto, supra. Reasonable efforts were made to execute the warrant. The main reason the warrant was not executed was because of defendant's conduct in moving and in failing to report to the probation officer in violation of the conditions of his probation. The violations upon which revocation was grounded occurred during the original probation term. The revocation hearing was promptly held after the warrant was executed.
No principles of fundamental fairness were violated and the court correctly found that defendant violated certain conditions of his probation.
Accordingly, the judgment of the trial court revoking defendant's probation is affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, JASPER E. JONES, FRED W. JONES, Jr., and LINDSAY, JJ.
Rehearing denied.