STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-600


STATE OF LOUISIANA

VERSUS

JOSHUA LEWIS


**********

ON SUPERVISORY WRIT FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 16-1174
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Candyce G. Perret, Judges.

**Perret, J., dissents and assigns written reasons.**

                                                      **WRIT DENIED.**


**Alexander Hurd**
**Public Defender's Office – 16th JDC**
**215 W. Saint Peter Street**
**New Iberia, LA 70560**
**(337) 365-4006**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Joshua Lewis**

**M. Bofill Duhe**
**District Attorney**
**W. Claire Howington**
**Assitant District Attorney**
**300 Iberia St., Suite 200**
**New Iberia, Lousiana 70560**
**(337) 369-4420**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**State of Louisiana**

**PICKETT, Judge.**

Relator, Joshua Lewis, seeks supervisory writs from a May 2, 2018 district court judgment that denied his motion to terminate revocation proceedings due to both the summons and the probation revocation hearing being untimely. For the following reasons, we deny the writ application.

## STATEMENT OF THE CASE

On September 29, 2016, the state filed a bill of information charging Mr. Lewis with one count of possessing marijuana with intent to distribute, in violation of La.R.S. 40:966; with one count of performing transactions with drug proceeds, in violation of La.R.S. 40:1041; and with one count of possessing drug paraphernalia, in violation of La.R.S. 40:1023 and 40:1025. On March 6, 2017, Mr. Lewis entered into a plea agreement with the state. In accordance with the bargain, the state dismissed the drug proceeds charge, and Mr. Lewis pled guilty to the lesser-included offense of simple possession of marijuana and guilty as charged to possession of drug paraphernalia. The sentencing court then imposed penalties in accordance with the plea agreement, six months of jail time for each conviction; the district court further ordered the sentences to run consecutively, suspended the penalties, and placed Mr. Lewis on one year of probation, which was to end on March 6, 2018. Mr. Lewis did not appeal.

On March 6, 2018, Mr. Lewis's probation officer filed a motion and order to revoke Mr. Lewis's probation with the district court. The allegations in the motion were presented via affidavit; they were sworn by Probation Officer Charles Wilson before a notary public. On the same date, the district court signed the attached rule to show cause setting the matter for hearing and ordering a copy of the pleading be served upon all relevant parties. Two days later, on March 8, 2018, the Sixteenth Judicial District Court clerk's office sent notices to the parties.

The district court conducted the probation revocation hearing on May 2, 2018. At the hearing, defense counsel moved to quash the probation revocation proceedings because neither an arrest warrant nor a summons was issued during Mr. Lewis's probationary period. The district court denied the motion and held the relevant date was the date it signed the order attached to the motion and order to revoke probation. The district court then continued the revocation hearing until September 5, 2018. Mr. Lewis now seeks supervisory review of the May 2, 2018 ruling that denied his oral motion to quash the probation revocation proceedings based upon expiration of the probationary term prior to issuance of the summons.

## DISCUSSION

In his sole assignment of error, Mr. Lewis contests the district court's finding of what constitutes the relevant date for determining whether probation revocation proceedings were instituted in a timely matter:

> The trial court erred in not [grant]ing Appellant's objection and motion to quash the revocation hearing as untimely due to a probationer's term only being suspended upon the issuance of either a summons to appear or a warrant of an arrest; here, a summons to appear was issued two days after Mr. Lewis had already completed his probation term on March 6, 2018.

The issue before this court is whether the detainer or summons to appear "issued" when the judge signed the order or when it was sent out from the clerk's office. According to La.Code Crim.P. art. 899(A) and (D), a probationer's probationary period is suspended upon issuance of an arrest warrant or detainer, and states:

> A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.

2

The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.

. . . .

D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.

Further, La.Code Crim.P. art. 898 provides that "[u]pon completion of the period of suspension of sentence or probation, . . . the defendant shall have satisfied the sentence imposed."

We find that when the trial court signed the rule to show cause why Mr.Lewis's probation should not be revoked on March 6, 2018, that act constituted the issuance of a summons to appear pursuant to La.Code Crim.P. art. 899(A). *State v. Broussard*, 408 So.2d 909 (La.1981). This issuance of a summons, by the terms of Article 899(D), ceased the running of the period of probation.

Mr. Lewis argues that the issuance of the summons did not occur until the notice to appear was served on him on March 8, 2018. But this reading of the statute conflates the issuance of the summons in the first paragraph of section (A) with the service of the summons to appear in the second paragraph of section (A). "Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *McLane Southern, Inc. v. Bridges*, 11-1141, pp. 6-7 (La. 1/24/12), 84 So.3d 479, 483.

## DECREE

We find no error in the trial court's denial of the motion to end revocation proceedings. The application for supervisory writs is denied.

**WRIT DENIED.**