EL PUEBLO DE PUERTO RICO, recurrido, *v.* JUAN JOSÉ MOREU MERCED, peticionario.

*Número:* CE-91-464          *Resuelto:* 15 de junio de 1992

*Luis E. Rodríguez Santiago*, abogado del peticionario; *Anabelle Rodríguez, Procuradora General Interina, Blanca A. Díaz Segarra, Procuradora General Auxiliar*, abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

En lo concerniente a la solicitud, por parte del Estado, para que se revoque la libertad a prueba que le haya sido concedida a una persona *en virtud de las disposiciones de la Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. secs. 1026–1029) conocida la misma como la Ley de Sentencia*

*Suspendida*, un análisis integral y armónico de las decisiones que este Tribunal emitiera en *Pueblo v. Pacheco Torres*, 128 D.P.R. 586 (1991), y *Pueblo v. Rosa Atiles*, 128 D.P.R. 603 (1991) —*conforme los hechos específicos de los referidos casos*— revela que la norma imperante es a los efectos de que los tribunales de instancia mantienen jurisdicción para revocar la probatoria concedida, aún después de extinguido el período probatorio impuesto, *siempre y cuando* que la violación por el probando de las condiciones impuestas ocurra durante el período probatorio fijado y que el trámite de revocación de la probatoria se inicie antes de que se cumpla la sentencia suspendida. Esa, repetimos, es la norma jurisprudencial establecida por este Tribunal en los antes mencionados casos, *conforme los hechos particulares específicos de los mismos.*

Es de notar, sin embargo, que puede darse la situación de que una persona que está disfrutando de los beneficios de una sentencia suspendida, al amparo de las disposiciones de la citada Ley Núm. 259 de 1946, incurra en una violación de las condiciones impuéstales *días u horas* antes de que venza el término probatorio impuesto por sentencia y que el Estado, por más diligente que quiera ser, no pueda informar de ello —y solicitar revocación— al tribunal antes de finalizar el período probatorio. No hay duda, en consecuencia, de que no podemos aplicar, de manera inflexible, la norma jurisprudencial establecida en *Pueblo v. Pacheco Torres*, ante, y *Pueblo v. Rosa Atiles*, ante —esto es, de que la solicitud de revocación tiene que ser radicada por el Estado *antes* de finalizar el período probatorio— pues ello tendría la consecuencia indeseable de concederle "inmunidad" a estos probandos por el mero hecho de que incurrieron en la violación ya próximo a vencerse dicho término. Ahí la razón de las expresiones de este Tribunal en *Pueblo v. Rosa Atiles*, ante —a manera de *dictum*, en virtud de los hechos particulares del caso— a los efectos de que "los tribunales retienen jurisdicción y tienen facultad para revo-

car una sentencia siempre y cuando el incumplimiento haya ocurrido dentro del término de la sentencia *y los procedimientos iniciales para la revocación hayan sido comenzados diligentemente por el Ministerio Fiscal"*. (Énfasis suplido.) *Pueblo v. Rosa Atiles*, ante, pág. 605.

■ Añadimos, hoy, que la determinación a realizarse respecto a si el Ministerio Público fue "diligente", o no, *necesariamente* tendrá que ser una hecha a base de los hechos específicos de cada caso, viniendo en la obligación el Estado de demostrar que acudió al tribunal en un *término razonable* luego de expirado el período probatorio. Esto es, las expresiones del Tribunal en *Pueblo v. Rosa Atiles*, ante, a los efectos antes mencionados, *no* deben ser interpretados como una "carta blanca" al Estado para cubrir su negligencia o displicencia al actuar en esta clase de situaciones.

■ El recurso hoy ante nuestra consideración nos permite expresarnos sobre una situación *que, aún cuando similar, no es enteramente igual.* En el día de hoy, contrario a los casos de *Pueblo v. Pacheco Torres*, ante, y *Pueblo v. Rosa Atiles*, ante, nos enfrentamos a la situación de una probatoria concedida por el tribunal a una persona *al amparo de las disposiciones de la Regla 247.1 de Procedimiento Criminal*, 34 L.P.R.A. Ap. II.[1] Veamos los hechos del mismo.

---

[1] La Regla 247.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, establece:

*"El tribunal, luego del acusado hacer una alegación de culpabilidad y sin hacer pronunciamiento de culpabilidad cuando el Secretario de Justicia o el fiscal lo solicitare y presentare evidencia de que el acusado ha suscrito un convenio para someterse a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del Estado Libre Asociado, así como una copia del convenio, podrá suspender todo procedimiento y someter a dicha persona a libertad a prueba bajo los términos y condiciones razonables que tenga a bien requerir*, y por el término dispuesto en el convenio para la rehabilitación del acusado *el cual no excederá de cinco (5) años.*

"Como parte de los términos del convenio estará el consentimiento del acusado a que, de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable, la vista sumaria inicial que disponen las secs. 1026 *et seq.* de este título. La determinación de causa probable de la comisión de un nuevo delito

I

El Ministerio Público radicó ante el Tribunal Superior de Puerto Rico, Sala de Ponce, un pliego acusatorio contra el peticionario Juan José Moreu Merced en el cual le imputó la alegada comisión de un delito de escalamiento agravado; esto es, una supuesta infracción al Art. 171 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4277. Pendiente la celebración del juicio, Moreu Merced solicitó acogerse al "mecanismo o procedimiento de desvío" que establece la antes citada Regla 247.1 de Procedimiento Criminal. A esos efectos, hizo alegación de culpabilidad. El tribunal de instancia, habiéndosele presentado evidencia de que el peticionario había suscrito un convenio escrito con el Departamento de Servicios contra la Adicción para someterse a tratamiento en relación con su adicción a drogas y conforme las disposiciones de la referida Regla 247.1, emitió el *10 de enero de 1989* una *resolución* mediante la

---

es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de libertad a prueba.

"En el caso de incumplimiento de una condición de la libertad a prueba, el tribunal podrá dejar sin efecto la libertad a prueba y proceder a dictar sentencia siguiendo lo dispuesto en las secs. 1026 *et seq.* de este título.

"Si durante el período de libertad a prueba la persona no viola ninguna de las condiciones de la misma, el tribunal, en el ejercicio de su discreción, *y previa celebración de vista en la cual participará el fiscal*, podrá exonerar a la persona y sobreseer el caso en su contra. La exoneración y sobreseimiento bajo esta regla se llevará a cabo sin declaración de culpabilidad por el tribunal, en carácter confidencial, no accesible al público, y separado de otros récords, a los fines exclusivos de ser utilizados por los tribunales al determinar si en procesos subsiguientes, la persona cualifica bajo esta regla.

"La exoneración y sobreseimiento del caso no se considerará como una convicción a los fines de las descualificaciones o incapacidades impuestas por ley a los convictos por la comisión de algún delito, y la persona así exonerada tendrá derecho a que el Superintendente de la Policía le devuelva cualesquiera récords de huellas digitales y fotografías que obren en poder de la Policía de Puerto Rico, tomadas en relación al caso sobreseído.

"La exoneración y sobreseimiento de que trata esta regla podrán concederse en solamente una ocasión a cualquier persona.

"La aceptación por un acusado del sobreseimiento de una causa por el fundamento señalado en esta regla constituirá una renuncia a la desestimación de la acción por los fundamentos relacionados en los incisos (e), (f), (m) y (n) de la Regla 64." (Énfasis suplido.)

cual ordenó "la paralización de los procedimientos con el consentimiento del acusado" (Apéndice, pág. 10), sometiendo a éste "a libertad a prueba por el término de 24 meses" (íd.), sujeto ello a que el aquí peticionario cumpliera con diez condiciones que enumeró.

Procede que se enfatice el hecho de que, como "condición especial", el foro de instancia ordenó que el peticionario recibiera tratamiento para su adicción a drogas durante el referido período de veinticuatro (24) meses en aquel "programa" que designara el oficial probatorio. A esos efectos, específicamente se dispuso que el peticionario *tendría que permanecer en dicho "programa" hasta su total rehabilitación, no pudiendo abandonar el mismo a menos que contara con la autorización del tribunal.* Igualmente necesario resulta enfatizar que, conforme las disposiciones de la citada Regla 247.1, en dicha resolución expresamente se hizo constar que:

> Si durante el período a prueba el acusado no viola ninguna de las condiciones y terminado dicho período, *el Programa donde está recibiendo tratamiento certifica su rehabilitación*, el Tribunal, en el ejercicio de su discreción, *y previa celebración de vista*, podrá *exonerar* al acusado y *sobreseer* el caso en su contra. (Énfasis suplido.) Apéndice, pág. 12.

El peticionario Moreu Merced, en cumplimiento de la resolución emitida, estuvo ingresado en una institución recibiendo tratamiento para su adicción a drogas *hasta el 18 de junio de 1990*, fecha en que fue *expulsado* de la referida institución por violar las normas y reglamentos de la misma. Advertida inmediatamente de dicha situación la oficial probatorio a cargo del caso, dicha funcionaria refirió al peticionario a la Unidad Evaluadora del Departamento de Servicios contra la Adicción para una evaluación con el propósito de ofrecerle tratamiento adicional. El peticionario hizo caso omiso de esta acción. *A pesar de ello, el tribunal no fue informado de dicha situación con anterioridad a que se cumpliera el período de veinticuatro (24) meses im-*

*puesto*, esto es, antes del 10 de enero de 1991; ello alega-damente debido al mucho trabajo y gran número de casos bajo la supervisión de dicha funcionaria.

La notificación sobre violación de condiciones de liber-tad a prueba fue radicada ante el tribunal *el 18 de enero de 1991*, esto es, ocho (8) días con *posterioridad* al día en que "vencía" el período probatorio impuesto. El tribunal *prontamente* inició los procedimientos de revocación. El peticio-nario solicitó la desestimación de los mismos, basado en una alegada falta de jurisdicción del tribunal para así ha-cerlo; solicitud que fue declarada sin lugar. Mediante Re-solución y Sentencia de 14 de junio de 1991, reducida a escrito y notificada el 24 de junio, el tribunal de instancia revocó los beneficios de la probatoria concedida y lo senten-ció a cumplir una pena de quince (15) años de presidio por el delito de escalamiento agravado.

Inconforme, Moreu Merced acudió, vía *certiorari*, ante este Tribunal. En el escrito que a esos efectos radicara le imputó al foro de instancia haber errado "al no declarar CON LUGAR la Moción de Desestimación por falta de ju-risdicción [referente] a la solicitud de revocación de proba-toria ... y al ordenar la revocación de la probatoria conce-dida ... y sentenciarlo a cumplir quince (15) años de prisión". Petición de *certiorari*, pág. 3.

Mediante Resolución de 20 de septiembre de 1991, una Sala Especial de Verano denegó la expedición del auto de *certiorari* indicado.([2]) Inconforme, el peticionario Moreu Merced solicitó reconsideración. El 25 de octubre de 1991, y "a los fines de evaluar la moción de reconsideración radi-cada" (Resolución de 25 de octubre de 1991), le concedimos término a la Procuradora General de Puerto Rico "para

---

([2]) Dicha Sala Especial de Verano estuvo compuesta "por su Presidente, el Juez Asociado señor Negrón García y los Jueces Asociados señor Hernández Denton y señor Alonso Alonso". Resolución de 20 de septiembre de 1991.

En la Resolución que a esos efectos se emitiera, se hizo constar que el Juez Asociado Señor Hernández Denton "expediría".

mostrar causa por la cual no se debe acceder a la solicitud del peticionario". Íd. La Procuradora General compareció en cumplimiento de la citada Resolución. *Procede confirmar la actuación del foro de instancia.* Veamos por qué.

## II

Conforme expresáramos anteriormente, la situación de hechos del caso hoy ante nuestra consideración, aun cuando similar, *no* es igual a las situaciones de hechos que sirvieron de origen a las decisiones que este Tribunal emitiera en los antes citados casos de *Pueblo v. Pacheco Torres*, ante, y *Pueblo v. Rosa Atiles*, ante. En dichos casos, como certeramente señala la Procuradora General, los probandos disfrutaban de una probatoria concedida al amparo de las disposiciones de la Ley Núm. 259 de 1946, ante, comúnmente conocida como la Ley de Sentencia Suspendida. Esta es una probatoria concedida a una persona después de la celebración de un juicio en los méritos; esto es, luego de que la persona ha sido *convicta* de delito público y sentenciada a la pena de prisión correspondiente. *Bajo este régimen, el término de la probatoria tiene que ser exactamente igual al término de la sentencia.* Ello así, por razón de que *el término de una sentencia no es prorrogable.* 34 L.P.R.A. secs. 1029 y 1044.

En el caso hoy ante nuestra consideración, se trata de un "programa de desvío" *con antelación al juicio.* Esto es, es un programa mediante el cual se le brinda la oportunidad a una persona que es acusada de la supuesta comisión de un delito, *la comisión del cual se debe a su adicción a drogas,* de no sólo no ir a la cárcel sino que de rehabilitarse del problema de la adicción. El legislador entendió que no hay razón para que este adicto a drogas, si se "cura" de la adicción a drogas que previamente lo llevó a cometer el delito que se le imputa, vaya a la cárcel ni tenga récord penal; ello, naturalmente, predicado en que se rehabilite. A

esos efectos, facultó al tribunal para someter a tratamiento al adicto por un período de tiempo *que no podrá exceder de cinco (5) años.*

■ Tenemos, entonces, que la *rehabilitación* del acusado de su problema de adicción *es lo fundamental* en esta clase de situaciones. Debido precisamente a ello es que la citada Regla 247.1 de Procedimiento Criminal establece, en lo pertinente, que:

> Si durante el período de libertad a prueba la persona no viola ninguna de las condiciones de la misma, el tribunal, en el ejercicio de su discreción, *y previa celebración de vista en la cual participará el fiscal,* podrá exonerar a la persona y sobreseer el caso en su contra. La exoneración y sobreseimiento bajo esta regla se llevará a cabo sin declaración de culpabilidad por el tribunal, en carácter confidencial, no accesible al público y separado de otros récords, a los fines exclusivos de ser utilizados por los tribunales al determinar si en procesos subsiguientes, la persona cualifica bajo esta regla. (Énfasis suplido.)

■ En vista de lo anteriormente transcrito, forzoso resulta concluir que el período probatorio que se le impone a una persona que se acoge a este procedimiento o mecanismo de desvío bajo la Regla 247.1, ante, *no termina automáticamente con el mero transcurso del período de tiempo impuesto.* Esto es, el tribunal *no* pierde jurisdicción sobre la persona que se acogió a dicho procedimiento *hasta tanto se celebre la vista que a esos efectos establece la referida Regla 247.1 y hasta que el tribunal da por terminado el período probatorio,* "exonerando" al acusado y ordenado el *sobreseimiento* de la acusación radicada en su contra.

■ En otras palabras, la *vista* que requiere que se celebre la citada Regla 247.1, *con el propósito de sobreseer el procedimiento,* tendrá que ser celebrada, *de ordinario y por necesidad,* con *posterioridad* a la fecha en que "termina" el período probatorio que el tribunal le impone a la persona que voluntariamente se acoge a los procedimientos que es-

tablece la citada disposición reglamentaria. El Estado, naturalmente, viene en la obligación de solicitar la celebración, y el tribunal celebrar, la referida vista en un *término razonable* luego de "finalizado" el período probatorio impuesto.

## III

En el presente caso, como hemos visto, el probando violó las condiciones de la probatoria impuesta meses antes de "finalizar" el período probatorio. El Estado, en consecuencia, muy bien pudo haber solicitado la revocación de la probatoria *antes* de finalizar dicho período probatorio. El hecho de que así no lo hiciera hasta después de finalizado el referido período, sin embargo, *no* significa que el mismo se extinguiere automáticamente. La *"exoneración"* y sobreseimiento de la acción radicada originalmente contra el aquí peticionario tampoco se podía dar automáticamente. Conforme las *disposiciones expresas* de la citada Regla 247.1, para que ello así sucediere, *tiene que por necesidad celebrarse la vista a esos efectos dispuesta.* La referida vista —*con el propósito de ordenar el sobreseimiento de la acusación*— nunca se celebró, por lo que nunca se ordenó el archivo de los procedimientos judiciales contra el peticionario *y los mismos estaban vigentes al momento de la celebración de la vista que finalmente celebró el tribunal de instancia y en la cual le revocó la probatoria concedida y procedió a sentenciarlo formalmente.*

El Estado solicitó la celebración de dicha vista de revocación en un "término razonable", esto es, ocho (8) días después de "finalizado" el período probatorio fijádole al peticionario, y el tribunal de instancia actuó prontamente sobre dicha solicitud.

No se le violó, en consecuencia, ningún derecho al aquí peticionario. Procede, por ende, la confirmación de la ac-

tuación del tribunal de instancia. *Se expide el auto de "certiorari" radicado y se dictará sentencia confirmatoria de la emitida por el tribunal de instancia.*

El Juez Asociado Señor Fuster Berlingeri no intervino.