285 So.2d 231 (1973)
STATE of Louisiana, Respondent,
v.
Norman Harold JONES, Relator.
No. 53576.
Supreme Court of Louisiana.
October 29, 1973.
*232 Murphy W. Bell, Director, Office of Public Defender, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., for plaintiff-respondent.
TATE, Justice.
We granted certiorari to review a trial court judgment revoking the defendant's probation of a suspended sentence. 279 So.2d 201 (La.1973). The threshold issue, which we decide favorably to the applicant, concerns whether the sentence was satisfied because the period of suspension of the sentence had been completed. La.C. Cr.P. Art. 898.
The facts show:
On July 2, 1970, the defendant was charged with theft of a car and pleaded guilty. He was sentenced to two years in the East Baton Rouge Parish jail. The sentence was suspended, and the defendant placed on two years supervised probation.
He was arrested in Louisiana on October 6, 1970 on a federal charge, pleaded guilty, and was confined in a federal correctional institute in Florida. On December 14, 1972, he was released by the federal authorities and returned to the East Baton Rouge jail. This was by virtue of a warrant for probation violation issued February 12, 1971 and filed at that time with the federal authorities in Louisiana (where he was then confined), along with a detainer. The detainer and warrant were forwarded to the Florida institution when the defendant was transferred there.
The defendant was in continuous federal custody from October 1970 until his release to East Baton Rouge Parish in December 1972.
On November 19, 1971, the defendant filed a motion for a speedy trial with the East Baton Rouge Parish district court. He asked for a speedy trial on the charge of probation violation per the warrant issued February 12. The motion was denied.[1]
*233 Articles 893-902 of the Louisiana Code of Criminal Procedure (1966) regulate suspended sentences and probation. Article 898 provides: "Upon completion of the period of suspension of sentence or probation. . ., the defendant shall have satisfied the sentence imposed. * * *." The Official Revision Comment notes that the article provides for "automatic satisfaction of the suspended sentence when the term is successfully completed", as opposed to the earlier probation laws which required a court order for final discharge from probation. See American Bar Association Standards for Criminal Justice, Probation Standard 4.1 (1970).
Here, the two-year suspended sentence was imposed on July 2, 1970, and the suspended sentence was completed on July 2, 1972. No attempt was made to execute by the defendant's arrest the warrant for his violation of probation until December 14, 1972. The hearing on the violation of probation was not held until January 15, 1973. The warrant was not executed nor the hearing held until after the completion of the period of the suspension of the sentence. Therefore, under the terms of Article 898, the defendant's suspended sentence and probation can no longer be revoked.
The state argues, however, that this delay period within which to revoke suspension and probation was suspended by the defendant's confinement in a federal correctional institute during this period. In so doing, the state may be attempting to rely upon La.C.Cr.P. Art. 899, which provides, in regard to a warrant issued for the arrest of a defendant for a parole violation: "When a warrant . . . cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued."[2]
Here, however, the condition for suspending the running of the probation-periodthat the warrant "cannot be executed" was not met; for, as the record indicates (see Footnote 1) and as held by Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969), the state warrant could have been executed[3] and the defendant returned to state court for trial on the *234 charge of violation of his probation. Since the state could have executed the warrant but did not attempt to do so, the running of the probation period was not suspended.
Consequently, the suspended sentence was completed on July 2, 1972, and the defendant is entitled to be discharged from the confinement resulting from the ineffective revocation of the suspended sentence after it was completed.[4]
Our holding today is consistent with recent decisions of the United States Supreme Court, unanimous as to this issue. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972). These hold that, in a hearing to revoke probation or parole, the defendant is entitled to compliance with certain due process standards, including a hearing and determination within a reasonably prompt time after the revocation charge is made. See also, Comment, Effective Guaranty of a Speedy Trial for Convicts in other Jurisdictions, 77 Yale L. J. 767 (1968). Among the reasons requiring this is the otherwise possible loss of having multiple sentences run concurrently rather than consecutively, as well as the desirability of holding the hearing when the evidence is fresh.
For the foregoing reasons, we reverse the judgment of the district court revoking the defendant's probation; it is ordered that the defendant be discharged from confinement resulting therefrom, subject to any valid detainer against him.
District court judgment reversed; defendant ordered discharged.
SANDERS, C. J., and MARCUS and SUMMERS, JJ., dissented.
NOTES
[1] The motion cited and relied on Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607 (1969). Attached to the motion were federal regulations which readily permit federal prisoners to be produced in state courts, in connection with state criminal prosecutions, under a writ of habeas corpus ad prosequendum. See also Smith v. Hooey, cited above, at 89 S.Ct. at 578-79.

The trial court denied the motion on the ground that the defendant was in federal custody outside of the state. Smith v. Hooey specifically rejected such as an excuse for a state court denying a federal prisoner his constitutionally-guaranteed right to a speedy trial, in the light of the ease of securing the return of the prisoner to the state court because of federal policies and regulations facilitating such return for such purpose. See also Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), an opinion by Chief Justice Burger, affirming the ultimate responsibility of the government to afford an accused a speedy trial and holding that the dismissal of the charges is the only possible remedy for the deprivation of the constitutional right to a speedy trial. See also Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
We do not, however, rest our reversal on this ground, since we do not reach it in view of our disposition on adequate state-law grounds.
[2] Official Revision Comment (d) indicates this provision's purpose to be to prevent "a probation violator concealing himself or fleeing from the state until the probationary period has run, and then claiming to have completed his probation and satisfied his sentence."

Article 899 provides in full:
"A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
"The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.
"B. If a probation officer has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation or that an emergency exists so that awaiting an order of the court would create an undue risk to the public or to the probationer, the probation officer may arrest the defendant without a warrant, or may authorize a peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant. The probation officer shall immediately notify the proper court of the arrest and shall submit a written report showing in what manner the defendant violated, or was about to violate, a condition of his probation.
"C. The court may grant bail to a defendant who is arrested under this article.
"D. When a warrant for a defendant's arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued."
[3] That is, the defendant could have been arrested under it and returned to the custody of the state court. See La.C.Cr.P. art. 899, subd. A; see also La.C.Cr.P. arts. 203(5), 204.
[4] We note that here we are not faced with a situation where the warrant was executed and the defendant brought before the court before the completion of the suspended sentence, with the revocation hearing ordered almost immediately (although actually held shortly after the probationary term had expired); which poses a different issue than that before us. Cf., State v. Rosteet, 257 La. 863, 244 So.2d 813 (1971).