338 So.2d 95 (1976)
STATE of Louisiana
v.
Louis Albert MARTENS.
No. 57858.
Supreme Court of Louisiana.
October 6, 1976.
Michael W. Fontenot, Jefferson, Samuel S. Dalton Law Offices, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Metairie, for plaintiff-appellee.
CALOGERO, Justice.
In this case applicant's probation was revoked and he was ordered to serve a six month parish prison sentence which had earlier been suspended. We must decide whether the action in the district court was legally correct.
The facts show that on May 16, 1972, defendant Louis Martens pled guilty to a charge of simple battery. On September 7, 1972, he was sentenced to a term of six months; the sentence was suspended, and *96 he was placed on active probation for two years. On August 8, 1973, during the period of his probation, Martens was charged with having committed, on August 6, 1973, the crime of attempting to possess a controlled dangerous substance (desoxyn) by fraud.[1] On September 6, 1974, on the very last day of defendant's period of probation on the burglary charge, the state filed a warrant for the revocation of his probation. This action was taken ex parte, without notice to defendant. The warrant was never executed. However, almost nine months after filing of the warrant, some five and one half months after defendant had pled guilty on the drug charge, and two months after he had completed serving the sentence imposed in connection with that drug charge, the state on June 2, 1975 filed a Rule to Revoke Probation. Service upon defendant of this rule was his first notification (he alleges) that any steps had been or were being taken to revoke his earlier probation.
Defendant Martens moved to dismiss the revocation proceeding contending that his sentence had already been satisfied relying upon State v. Jones, 285 So.2d 231 (La. 1973) in this regard. The trial judge denied the motion, and we granted defendant's application for writs to consider the revocation of Martens' probation in light of the Jones case.
In State v. Jones, supra, this Court held that a warrant to revoke probation must be executed in order for such warrant to suspend the running of the probation period in a situation where the filing of the warrant and its execution could have taken place within the probationary period. In Jones, defendant pled guilty to a charge of theft on July 2, 1970, was sentenced to two years, sentence suspended, and was placed on two years supervised probation. During this two year probation period, on October 6, 1970, defendant was arrested, pled guilty, and was confined to a federal prison. On February 21, 1971, during the probation period, state authorities issued a warrant for probation violation, but the warrant was not executed until December 14, 1972, after the two year probation period had run. We held that defendant's sentence had been satisfied under the terms of Article 898 of the Code of Criminal Procedure, and that the trial court's action in revoking his probation was illegal, because the probationary period had passed before the warrant was executed and the revocation hearing held. We said that "since the state could have executed the warrant but did not attempt to do so, the running of the probation period was not suspended" simply by issuance of the warrant during the probation period. 285 So.2d at 234.
Additionally we stated that:
"in a hearing to revoke probation or parole, the defendant is entitled to compliance with certain due process standards, including a hearing and determination within a reasonably prompt time after the revocation charge is made. . . . Among the reasons requiring this is the otherwise possible loss of having multiple sentences run concurrently rather than consecutively, as well as the desirability of holding the hearing when the evidence is fresh." Id.

In the case at bar defendant Martens, like Jones, was serving out a two year probation period. Both of them violated a condition of their probation by committing crimes during the probation period for which guilty pleas were entered (Jones, before his probation had run; Martens, after his probation had run). Each was in custody for his respective offense during the probation period. Warrants were issued but not executed in either case during the probation period. Nothing prevented state officials in either case from executing the warrant and granting the probationer a hearing.[2]
*97 The state argues that State v. Jones is distinguishable from the case here under consideration, first, because in the Jones case there was over a year between the filing of the warrant and the end of the probation period (and twenty-two months between issuance and execution) whereas in the case at bar no warrant was issued until the very end of the probation term, "rendering execution of the warrant clearly impracticable if not impossible." The argument does not recognize that in this case, no less than in the Jones case, the state could have filed and executed its warrant long before the termination of the probation term. Thirteen months passed from his arrest on the drug charge until the warrant was issued. The fact that the state chose to file its warrant against defendant Martens closer to the end of his probation period than it did against defendant Jones cannot form a basis for distinguishing Jones. In both cases the state could have filed and executed the warrant before the end of the probation period but did not attempt to do so.
Had the state served the warrant and provoked a hearing within a reasonable time following issuance of the warrant on the last day of defendant's probation period, we would perhaps have a more difficult issue. See State v. Rosteet, 257 La. 863, 244 So.2d 813 (1971) and State v. Jones, supra note 4, at 234. However, here the state took no steps following issuance of the warrant until some nine months later, six months after defendant pled guilty to the drug charge, and two months after he completed service of his sentence on the drug charge.
The same principles which prompted the result in Jones control here.
The state further points out that Martens was not convicted until after his probation had run, whereas Jones was convicted before his probation had run, and suggests that its delay in execution of the warrant here was thus justified.
Although in some circumstances it may be to a defendant's benefit to have the state delay its filing and execution of a revocation warrant until defendant's conviction on another charge, the fact remains that when the state has grounds to revoke a probationer's suspended sentence (see C.Cr.P. art. 899) and when it is able to file its warrant within the probation period and proceed by service thereof and hearing promptly thereafter, then the state delays in doing so to their prejudice in light of Article 898 and the limited exception for suspension of the running of the period of probation provided in Article 899(D).
We find that under the terms of Article 898 of the Code of Criminal Procedure defendant Martens satisfied his sentence for simple battery on September 6, 1974, and that the action thereafter taken in revoking defendant's probation was ineffective because defendant had already completed his period of sentence and probation.
For the reasons stated above, we reverse the judgment of the district court and remand the case to the trial court for defendant to be discharged from his sentence on the simple battery charge.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] Martens pled guilty to this second charge on January 22, 1975. He was sentenced to serve thirty days in parish prison to be served on ten consecutive weekends beginning January 31, 1975. Service of the sentence was completed in April, 1975.
[2] Defendant Martens was in the custody of the State of Louisiana from April of 1973 to the present time because he was under bond, present for court appearances, and serving ten consecutive weekends in the parish prison from January 22, 1975 to April 1975.