377 So.2d 341 (1979)
STATE ex rel. Joseph V. DeGREAT
v.
C. Paul PHELPS.
No. 65154.
Supreme Court of Louisiana.
November 20, 1979.
Alice M. Jacobs, New Orleans, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for defendant-respondent.
PER CURIAM.
On January 27, 1971 petitioner Joseph V. DeGreat pleaded guilty to a charge of felony theft, La.R.S. 14:67. The trial court sentenced him to serve five years at hard labor, but suspended execution of the sentence and placed petitioner on supervised probation for a period of five years, with the special condition that he be accepted by the United States Public Health Service Hospital for treatment of narcotics addiction.
On June 6, 1973, upon representations by petitioner's probation officer that he had absconded from supervision, the trial court issued a warrant for his arrest. The warrant was not executed until petitioner was stopped for a traffic violation on July 15, 1976, three years after the issuance of the *342 warrant and more than five years after the inception of his probationary term. On September 17, 1976, following a hearing, the trial court enlarged the conditions of petitioner's probation, extending the probationary period until January 15, 1980, and ordering him to report to the Euterpe Rehabilitation Manpower Training Center until discharged.
One month later, after petitioner was terminated at the Rehabilitation Center for cause, his probation was revoked and his five-year sentence made executory, with credit for time served in prison.
Petitioner applied to the district court for a writ of habeas corpus, asserting that his probationary term had expired prior to his arrest in July of 1976 and that, in any event, the court was without authority to extend the period of probation. After the application was denied, petitioner sought this Court's review. We ordered an evidentiary hearing in the district court, which again resulted in a denial of the application. On review, we reverse.
Ordinarily, a defendant satisfies his sentence by completing the period of probation imposed. La.C.Cr.P. Art. 898. Should he violate the conditions of his probation, the trial court may reprimand him, order supervision intensified, add conditions to the probation or order the probation revoked, La.C.Cr.P. Art. 900; but unless the imposition (as opposed to the execution) of sentence was originally suspended the court may not extend the probationary period, nor may a violation itself have the effect of lengthening the term. See, State v. Guillory, 363 So.2d 511 (La.1978).
Furthermore, the running of the probationary period is suspended only when a warrant issued for defendant's arrest for probation violation cannot be executed. La. C.Cr.P. Art. 899. To trigger suspension, the impediment to execution of the warrant must derive from the defendant's action in concealing himself or fleeing from the jurisdiction, not from inaction by the state in its efforts to locate him. See, State v. Harris, 342 So.2d 179 (La.1977); State v. Martens, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973).
The record in the present case reveals that after January, 1973, petitioner failed to make scheduled reports to Leonard Poche, his probation officer, dropped out of the drug program to which he had been assigned and changed jobs and addresses without notifying Poche as required. While these actions constituted violations of the conditions of petitioner's probation, they do not automatically signify an attempt at concealment from service of process. To the contrary, petitioner demonstrated that apart from breaking contact with his probation officer, he had not gone underground. He maintained his residence at 1432 Foy Park Avenue, the address provided to the probation department, until late 1973. Poche's testimony that he was unable to locate petitioner there does not refute petitioner's assertion that that was in fact his residence and that he received no notification that Poche was looking for him. In 1974, petitioner married and moved, moving once more in 1975 when he separated from his wife. During that time, petitioner held various jobs, working under his true name and social security number. For several months in late 1973, petitioner reported daily to the Louisiana State Unemployment Agency where he obtained part-time jobs, leading eventually to his employment at Budget Rent-A-Car on a permanent basis. He remained there until hospitalized for an injury in January of 1976. These public movements were not the actions of a "fugitive."
Significant to our determination that the running of the probationary period was not suspended is the fact that the authorities did not apparently renew their efforts to locate petitioner after June, 1973. The record reflects that when they failed to reach him by visiting his and his parents' homes, they gave up the search and only came upon him fortuitously on July 15, 1976 when he committed a traffic violation. Compare, State v. Harris, supra.
We conclude that petitioner's probation had expired by the time of his arrest in *343 1976, and the trial court had no authority to extend the probationary period. Accordingly, as petitioner's recent supervision was unlawful, the probation revocation must be set aside and petitioner discharged.