392 So.2d 407 (1980)
STATE of Louisiana
v.
Debbie Lynn ROME.
No. 80-K-1970.
Supreme Court of Louisiana.
December 15, 1980.
*408 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., Robert Bryant, Evelyn Oubre, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
Richard P. Ieyoub, Baggett, McCall, Singleton, Thomas P. Quirk, for defendant-relator.
DIXON, Chief Justice.
In this case we granted writs to review a trial court judgment revoking the defendant's probation. The defendant contends the revocation was illegal because it was ordered at a hearing held after the probationary period had expired.
We affirm the judgment revoking the probation. Probation revocation proceedings are not untimely when the arrest warrant for the violation is issued and executed before the expiration of the probation term, and judicial proceedings to revoke are commenced before the probation expires, even though the actual revocation hearing is not held (absent undue delay) until after the expiration of the probation term.
On March 8, 1977 the defendant was convicted of two counts of forgery (R.S. 14:72). She was sentenced to serve two years in jail on each count, the terms to run concurrently. The sentences were suspended and she was placed on probation for three years, subject to several conditions.[1] The record indicates that during 1977 and 1978 defendant was arrested for numerous offenses. At a probation violation hearing on January 23, 1979 the defendant admitted she had violated two conditions of probation. The court amended the probation conditions and sentenced her to serve ten months in the parish jail.
The defendant was released on March 28, 1979. On May 6, 1979 she visited her probation officer and completed a monthly report for April. It was the last report she filed. She missed a subsequent meeting and the probation officer's attempts to reach her at home were unsuccessful. A certified letter sent to her address on July 18, 1979 was returned as "unclaimed" August 20, 1979. On August 24, 1979 the probation officer obtained a warrant for the defendant's arrest for probation violation. She made no further attempts to contact the defendant but notified the sheriff's office, the state police and the Federal Bureau of Investigation of the warrant. On November 8, 1979 the probation officer learned that the defendant had been arrested in Opelousas for attempting to obtain preludin by fraud *409 (R.S. 40:971B) and had given her address as Bridge City, Texas. At the probation officer's request, the police detained the defendant when she appeared in court, and the probation officer was able to execute the warrant on December 20, 1979. She accompanied the defendant to Calcasieu Parish where the defendant was incarcerated.
On December 27, 1979 the defendant was told that she had been charged with violating probation conditions 1, 2, 3, 4, 5, 8, 9 and 10 and that a preliminary hearing was scheduled for January 4, 1980. On January 14 she was arraigned and pleaded not guilty. A probation revocation hearing was set for January 28. On that date defendant and counsel did not appear and the state moved to reset the hearing for February 11. Unfortunately, there is no record of the events of that day. On March 14 both defendant and defense counsel were absent, apparently because they were not notified of the hearing. On March 19 the defendant appeared without counsel. Finally, on April 16, 1980, the hearing was held with all parties present. Defense counsel moved for dismissal of the allegations of probation violation, arguing that the probationary period had expired March 7, 1980. The court found that the state's inability to execute the warrant from August to November triggered the operation of C.Cr.P. 899(D)[2] and suspended the running of the probationary period for three months. It affirmed the legality of the hearing, revoked the defendant's probation and ordered her to serve the remainder of the original sentence imposed. Defense counsel did not appeal, and on June 24, 1980 defendant, with new counsel, filed a writ of habeas corpus. The trial judge denied the writ. He thought it was not the proper procedural vehicle for obtaining review of the revocation decision; further, he stated that the revocation was valid because the evidence established that the running of the probationary period had been suspended under C.Cr.P. 899(D) by the state's inability to execute the warrant.
Defendant argues that the revocation is illegal because the revocation hearing was held one month after the probationary period ended, four months after she was taken into custody, and eight months after the warrant was issued. She suggests that the warrant could have been executed earlier if the probation officer had exercised greater diligence. She claims that she never concealed herself or fled the jurisdiction of the court to prevent execution of the warrant, but at all times retained her residence in Calcasieu Parish. She challenges the utilization of C.Cr.P. 899(D) to suspend the running of the probationary term. She also asserts that the delays in executing the warrant and in holding the revocation hearing were the state's fault and should operate to its prejudice.
This case differs from previous revocation cases because here the warrant was both issued and executed within the probation period. Furthermore, the revocation proceedings were initiated during the probation period. While both the state and the defense base their arguments on different interpretations of C.Cr.P. 899(D), that article is not really necessary to the resolution of this case. We have previously held that the running of the probationary period is not suspended simply by the issuance of the warrant during the period; the warrant must be executed to suspend the running of the period. State v. Martens, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973). C.Cr.P. 899(D) provides a limited exception to this general rule; it permits the state to stop the running of the period by proving that the warrant cannot be executed. However, the state must demonstrate
* * * * * * *410 that the failure to execute the warrant is due to the defendant's actions, not the state's inaction. The state must show that the defendant concealed himself or fled the jurisdiction of the court in order to make execution of the warrant impossible. State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La.1979); State v. Harris, 342 So.2d 179 (La.1977). Where the state can execute a warrant timely but makes no attempt to do so, the running of the probationary period is not suspended, and a subsequent untimely revocation will be declared illegal.[3]
This case, however, does not involve the untimely execution of a warrant which was timely issued. Here both the issuance and execution were timely. Moreover, the judicial proceedings were commenced before the probationary period expired. The defendant was notified of the charges against her and was arraigned on them soon after her arrest and well within the probationary period. The state satisfied due process requirements that the hearing and determination on the revocation charges be held within a reasonably prompt time after the charges are made.[4] Although the hearing at which the defendant's probation was revoked occurred after the probation term ended, it is not clear that the delays were caused by the fault of the state. Neither defendant nor her counsel was present at the first scheduled hearing and the state reset the hearing for February 11. That date was still within the probationary period. There is no February 11 entry in the record. The next entries show that on March 14 neither defendant nor her attorney appeared, and on March 19 defendant appeared without counsel. At the revocation hearing, defense counsel admitted that he had requested one delay, but he could not recall which one. The record indicates that he was not present at three of the four scheduled appearances which preceded the actual hearing; it is not unfair to conjecture that he appeared at the hearing on February 11 and requested a delay at that time. There is no indication of any objection by the defense to the continuances. Under the circumstances, we cannot say that the delays were clearly the state's fault.
Since the record supports the state's allegations that defendant violated her probation conditions, and the probation revocation proceedings were instituted within the probationary period, the judgment revoking the defendant's probation is affirmed.
NOTES
[1] The following probation conditions were delineated:

"1. Refrain from criminal conduct, specifically the violation of any State, Federal, Local or Municipal Law.
2. Support your legal dependents to the best of your ability.
3. Report to your Probation Officer as directed.
4. Permit the Probation Officer to visit you at home or elsewhere.
5. Devote yourself to an occupation approved by your Probation Officer.
6. Refrain from owning or possessing firearms or other dangerous weapons.
7. Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by your offense in an amount determined by court, if any, as follows:
Make restitution of ½ of the amounts involved in the checks, same to be done within a period of time to be set by the Probation Officer.
8. Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons.
9. Remain within the jurisdiction of the court and get the permission of the Probation Officer before any change in your address or employment.
10. Make a full and truthful report at the end of each month to your Probation Officer.
11. Special Conditions are as follows:
1. Same as stated in Condition # 7.
2. Defendant is to serve 4 months in jail, with credit for time served."
[2] C.Cr.P. 899 provides in part:

"A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
D. When a warrant for a defendant's arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued."
[3] The four cases cited by the defense counsel all involved warrants issued during the probationary period but not executed during that period. The state argued that the issuance of the warrant was enough to toll the running of the probationary period because the warrant could not be executed. We found that nothing prevented the officials from executing the warrants within the probationary period and therefore declared the revocations illegal.

In State v. Martens, supra, the warrant was issued the last day of the probation term and was never executed; the state then filed a rule to revoke probation nine months after the period had ended.
In State v. Jones, supra, the warrant was not executed until five months after the probation period had ended, twenty-two months after it was issued.
In State ex rel. DeGreat v. Phelps, supra, the warrant was executed thirty-seven months after its issuance, about six months after the end of the probation period.
In State v. Harris, supra, the warrant was never executed. A rule to show cause was filed two months after the probation period had terminated.
[4] C.Cr.P. 900 also requires the court to bring the defendant before it "without unnecessary delay" for a hearing.