410 So.2d 1104 (1982)
STATE of Louisiana
v.
Alcide J. WEYSHAM.
No. 81-K-2134.
Supreme Court of Louisiana.
March 1, 1982.
Milton P. Masinter, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-respondent.
BLANCHE, Justice.
Alcide J. Weysham was convicted on two counts of unauthorized practice of law, a violation of R.S. 37:213, and was sentenced to serve two concurrent one-year sentences in the Orleans Parish Prison. The sentences on both counts were suspended and Weysham was placed on inactive probation for a one year period. As a special condition of probation, defendant was required to make restitution to the one purportedly victimized by defendant's unauthorized *1105 practice of law in the amount of $2340 as to count one, and $3329.27 as to count two. These amounts were to be paid within 90 days of sentencing. Weysham was also ordered to pay a $500 fine on each count or, in default of payment, to serve three months in the parish prison. On appeal, this Court affirmed defendant's conviction. State v. Weysham, 355 So.2d 251 (La.1978).
Four years after imposition of sentence, the alleged victim complained to the trial judge that defendant had failed to reimburse her in the amount of $2340. In response, the trial judge ordered defendant to appear in court and show cause why his probation should not be revoked and the sentence made executory. On the date of the hearing, the state did not produce any witnesses to testify against defendant, nor did the state introduce any documents to support the alleged probation violations. Relying solely upon a private verbal communication to him by the alleged victim, the trial judge revoked Weysham's probation and made the suspended sentence executory.
We granted writs to determine if the order of the trial court making the suspended sentence executory after defendant completed his period of probation was proper.
It is well settled that once a probationary period has elapsed the defendant has automatically satisfied the sentence imposed. C.Cr.P. art. 898 (see Official Revised Comment (b)); State v. Jones, 285 So.2d 231 (La.1973); State v. Martens, 338 So.2d 95 (La.1976). Further, a non-fugitive defendant can be ordered to appear before a court to answer charges concerning possible probation violations only during the period of probation or suspension of sentence. C.Cr.P. art. 899; State v. Harris, 342 So.2d 179 (La.1977); State v. Martens, supra.
In the instant case, no summons relating to a possible violation of a condition of probation was issued to Weysham during his one-year probationary period. As a result, defendant's probation was never suspended and it was successfully completed on April 20, 1978, one year after his sentence was imposed. C.Cr.P. art. 899; State v. Martens, supra; see also State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La.1979). Once Weysham satisfied the sentence imposed, his probation could not be revoked and he could not be subjected to a term of imprisonment. See State v. Jones, supra.
Accordingly, the order of the trial court revoking defendant's probation and making the suspended sentence executory is hereby vacated.