PER CURIAM.
GRANTED. The order of the trial court revoking the relator’s probation and making the suspended sentence executory is vacated; the relator is ordered released from custody on that charge.
On August 31, 1979, the relator’s sentence of five years at hard labor imposed on his conviction for possession of marijuana with intent to distribute was suspended and he was placed on active probation for a period of two years. Prior to the end of his probationary period, which would run until August 3, 1981, he was arrested by federal authorities in Florida on subsequent charges. The state, within the probationary period, had a warrant issued for the relator’s arrest on charges of violating his terms of probation. The warrant, however, was not served on the relator, pursuant to Department of Correction’s internal policy, until relator had been tried, appeals exhausted, and sentence served on the federal charges. A period of approximately seven years elapsed between the time of the issuing of the warrant and its execution and between the termination date of the relator’s probationary period and the hearing to have his probation revoked.
Under the law in effect at the time of the relator’s probation, a warrant for his arrest had to be issued and executed prior to the running of the probationary period in order to suspend the time period. La.C.Cr.P. art. 899 (Acts 1977, No. 464). Otherwise, a sentence was automatically satisfied upon the running of the probationary period. La.C.Cr.P. art. 898; State v. Weysham, 410 So.2d 1104 (La.1982). Under that prior law, it was settled that in cases where the filing and execution of the warrant could take place within the probationary period, a non-fugitive defendant could be ordered to appear before a court to answer charges concerning possible probation violations only during the period of probation or suspension of sentence, although the actual revocation hearing might occur shortly after the time that period would have run. State v. Martens, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973). See also, State v. Weysham, 410 So.2d 1104 (La.1982); State ex rel. DeGreat v. Phelps, 377 So.2d 341 (La.1979); State v. Harris, 342 So.2d 179 (La.1977); State v. Rosteet, 257 La. 863, 244 So.2d 813 (1971).
At the relator’s February 29, 1988 revocation hearing the state was unable to demonstrate cause for failing to execute the *455 warrant, La.C.Cr.P. art. 899, and for failing to hold the revocation hearing without unnecessary delay, La.C.Cr.P. art. 900. The relator’s probationary period was thus not interrupted and his sentence was satisfied on August 3, 1981.