IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30177

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT W BROWN

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 06-CR-10008

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Brown pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He reserved his right to appeal whether his prior state-law conviction could serve as a predicate offense for a prosecution under the federal felon-in-possession statute. For the reasons that follow, we affirm.

1.  Brown contends that his 1988 Louisiana conviction could not serve as a predicate offense to his federal felon-in-possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecution. Both Brown and the United States agree that whether his Louisiana conviction could serve as the predicate offense depends on whether his probationary sentence for his Louisiana conviction had been completed ten years before his July 2005 arrest—in other words, whether he had completed his Louisiana probation by July 1995.[1] They disagree, however, regarding when he completed his probation. Brown contends that his probation ended in 1991. The Government contends that Louisiana's issuance of an arrest warrant for Brown for his alleged probation violations in 1991 had the effect of continuing his probation until 1996. Resolving this dispute is our lone issue on appeal, for which we have plenary review.[2]

2.    In Brown's opening brief, he relies on two Louisiana Supreme Court cases—State v. Phelps decided in 1979 and State v. Harris decided in 1977—to support his position that his probation ended in (and therefore his sentence was completed by) September 1991.[3] In both Harris and Phelps, the Louisiana Supreme Court held that the running of a probationary period is not automatically suspended when an arrest warrant is issued; instead, the period is suspended only if the warrant "cannot be executed."[4] Brown argues that there has not been any showing that his arrest warrant for allegedly violating his conditions on

---

[1] See United States v. Dupaquier, 74 F.3d 615, 617–18 (5th Cir. 1996) (discussing the interaction of the federal felon-in-possession statute and Louisiana law).

[2] United States v. Daugherty, 264 F.3d 513, 514 (5th Cir. 2001).

[3] See State v. Phelps, 377 So. 2d 341 (La. 1979); State v. Harris, 342 So. 2d 179 (La. 1977).

[4] Phelps, 377 So. 2d at 342; Harris, 342 So. 2d at 181.

parole could not be executed and therefore the mere issuing of the warrant did not stop the running of his probation period. Thus, his probation ended in September 1991.

Brown's argument cannot withstand close scrutiny of Harris and Phelps. When those courts mentioned the cannot-be-executed standard, they were simply quoting the then-existing statutory scheme under Louisiana law. As the Harris court explains, it was relying on Article 899 of the Louisiana Criminal Procedure Code, which provided that "[w]hen a warrant for a defendant's arrest, issued [for a parole violation], cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued."[5] Likewise, the Phelps court cites to Article 899 when it states the cannot-be-executed requirement.[6] That language made the cessation of the probation period dependent on the diligence of the State's attempt to execute the warrant. Article 899 was amended in 1985, however, and the article now provides: "When a warrant for a defendant's arrest or a summons for defendant's appearance is issued [for a parole violation], the running of the period of probation shall cease as of the time the warrant . . . is issued." Thus, the pre-1985 cases are irrelevant; the current version of the statute governs the effect of the issuance of the arrest warrant and so the running of the probationary period is automatically stayed. Therefore, Brown's probation was put on hold when the arrest warrant was issued.

---

[5] 342 So. 2d at 180 (quoting the then-existing version of Article 899) (emphasis added).

[6] 377 So. 2d at 342.

3

The probationary period did not terminate until March 1996, meaning Brown could not own a gun under Louisiana statutory law until March 2006—i.e., he could not own a gun under federal law in July 2005 when he was arrested.

In supplemental briefing to this court, Brown argues that Harris and Phelps are good law because two other pre-1985 cases, State v. Jones and State v. Martens, cite the then-existing version of Article 899 and also state that defendants are entitled to certain "due process standards."[7]  There is no question that before and after 1985, defendants had and have due process rights.  But whether Brown's due process rights were violated is a separate question (and a separate test) from whether he had a statutory right not to have his probation automatically extended because of the issuance of the arrest warrant.[8]  And it is clear with respect to the statutory question, the pre-1985 cases are no longer good law.

3.    Brown also argues that his due process rights were violated when the State waited four years to execute his arrest warrant.  As a threshold issue, however, the parties disagree on whether this issue was raised in the district court.  The Government argues that Brown did not raise this issue below.  Brown points to one sentence in his opposition to the Government's motion for reconsideration on defendant's motion to dismiss; in that

---

[7] State v. Jones, 285 So. 2d 231, 234 (La. 1973) ("[I]n a hearing to revoke probation or parole, the defendant is entitled to compliance with certain due process standards, including a hearing and determination within a reasonably prompt time after the revocation charge is made."); accord State v. Martens, 338 So. 2d 95, 96 (La. 1976).

[8] See Harris, 342 So. 2d at 180 n.3 (analyzing the defendant's statutory argument regarding the cannot-be-executed test and noting in a footnote that the defendant had also made a second argument contending that his due process rights were violated).

opposition, Brown stated: "The indefinite tolling urged by the government is contrary to State law and amounts to violations of the due process clause of the 5th and 14th Amendment to the Constitution of the United States." This effort is not sufficient to preserve his constitutional argument on appeal because Brown cited no cases in support of his assertion, made no attempt to apply the facts of his case to the law, and did not otherwise explain how his due process rights were violated. Moreover, Brown did not raise this issue in his opening brief to this court. Accordingly, we need not address the issue in this appeal. United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (holding that an issue was waived by not being raised in the opening brief).

AFFIRMED.