# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-153


**STATE IN THE INTEREST OF T. J.**


\*\*\*\*\*\*\*\*\*\*


ON SUPERVISORY WRIT APPLICATION FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NOS. 2015-JC-556, 2015-JC-128
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**EIZABETH A. PICKETT**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**


**Leanna Duncan**
**Fifteenth Judicial District Public Defender's Office**
**P O Box 3622**
**Lafayette, LA 70502**
**(337) 889-5673**
**COUNSEL FOR APPLICANT:**
    **T. J.**

**Keith A. Stutes**
**District Attorney, Fifteenth Judicial District**
**Christine B. Roberts**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR RESPONDENT:**
        **State of Louisiana**

**PICKETT, Judge.**

On September 21, 2015, the juvenile appeared for an adjudication hearing on docket numbers 2015-JC-128 and 2015-JC-556. At the adjudication, the juvenile entered into a plea agreement with the state, in which the juvenile admitted to illegal possession of a handgun by a juvenile in docket number 2015-JC-128 and to possession with intent to distribute marijuana in docket number 2015-JC-556. In exchange, the state dismissed five remaining counts. Additionally, the district court entered a bargained-for disposition for each delinquent act, six months detention. The adjudicating court then designated the detention was to be served consecutively, suspended the detention, imposed fifteen months of supervised probation, and ordered the probationary periods to be served concurrently. In docket number 2015-JC-128, the district court also imposed the following special conditions of probation: eighty hours of community service, house arrest with ankle monitoring, no unexcused absences, and forfeiture of property seized in conjunction with the juvenile's arrest.

On August 30, 2016, the state filed a rule to revoke probation, alleging the juvenile tested positive for drugs, failed to complete drug treatment, and failed to complete community service. At the September 14, 2016, hearing on the motion to revoke probation, the district court required the juvenile to serve seven days of detention for failing the drug test and noted the juvenile still had time to complete his required community service.

On December 20, 2016, the state filed a "Motion to Modify Disposition" in both docket numbers seeking an extension of the juvenile's probationary period. The state alleged the juvenile had thirty unexcused absences and seventeen write-ups. The state additionally alleged the juvenile had failed to attend drug treatment

and complete his required community service. The state sought a six-month extension of probation under La.Ch.Code arts. 909-910 to allow the juvenile to complete the required community service and drug court program. The state further requested the district court require the juvenile to refrain from further unexcused absences.

On February 8, 2017, the district court held a hearing on the state's motion. At the hearing, the juvenile, through counsel, objected to the motion and sought to dismiss the pleading based on the argument that the filing of the motion did not interrupt prescription and that the relevant date, instead, should be February 6, 2017, the date the juvenile and his mother were served with notice of the hearing. The district court overruled the objection and, following presentation of additional evidence and argument, granted the state's motion to extend the probationary period. The juvenile's lawyer then noted her objection to the ruling and gave verbal notice of her intent to seek supervisory review on the issue.

On March 9, 2017, the state filed an opposition to the juvenile's writ application.

**DISCUSSION**

The juvenile's attorney presents the following single assignment of error: "The juvenile court erred by granting the state's motion to modify disposition, because the court lacked jurisdiction once T.J.'s probation concluded on December 21, 2016, and the filing of the state's motion to modify disposition, did not stop the running of T.J.'s probation period." The juvenile points out that neither La.Ch.Code art. 909 nor La.Ch.Code art. 910 specifically address when a trial court's authority to amend a disposition ceases; the juvenile further alleges that none of the remaining children's code articles resolve the issue. The juvenile

2

advances, therefore, under La.Code Crim.P. art. 896(A), the trial court was without authority to extend the juvenile's probationary period because the extension was not done during the probationary period since the juvenile's probationary period ended the day after the state filed its motion, December 21, 2016.

The purpose of the delinquency title in the Louisiana Children's Code is set forth by La.Ch.Code art. 801, which requires the preservation of due process:

> The purpose of this Title is to accord due process to each child who is accused of having committed a delinquent act and, except as provided for in Article 897.1, to insure that he shall receive, preferably in his own home, the care, guidance, and control that will be conducive to his welfare and the best interests of the state and that in those instances when he is removed from the control of his parents, the court shall secure for him care as nearly as possible equivalent to that which the parents should have given him.

Moreover, "[a]ll rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court proceedings brought under this Title." La.Ch.Code art. 808.

The Louisiana Children's Code ensures the preservation of procedural due process in juvenile delinquency proceedings by relying upon the Louisiana Code of Criminal Procedure to cover the gaps in the procedures set forth in the in the Louisiana Children's Code: "The provisions of this Title shall govern and regulate delinquency proceedings of courts exercising juvenile jurisdiction. Where procedures are not provided in this Title, or otherwise by this Code, the court shall proceed in accordance with the Code of Criminal Procedure." La.Ch.Code art. 803.

In support of the principle that the Louisiana Code of Criminal Procedure applies to juvenile delinquency proceedings in areas not provided for by the

Children's Code, the juvenile's attorney cites to a case requiring the application of the post-conviction relief articles to a juvenile case:

> The Children's Code does not provide for post-conviction relief. However, this Court has consistently found that juveniles must be advised of the two-year prescriptive period to apply for post-conviction relief under La.C.Cr.P. art. 930.8. *See State in the Interest of B.D.*, 13-760 (La.App. 5 Cir. 4/23/14), 140 So.3d 308, 313, *writ denied*, 14-1093 (La.1/9/15), 157 So.3d 597; *State in the Interest of B.G.*, 13-445 (La.App. 5 Cir. 10/30/13), 128 So.3d 1211, 1214-15; *State in the Interest of D.L.*, 11-835 (La.App. 5 Cir. 05/22/12), 96 So.3d 580; *State in the Interest of D.S.*, 11-416 (La.App. 5 Cir. 12/28/11), 83 So.3d 1131, 1139; *State in the Interest of O.R.*, 96-890 (La.App. 5 Cir. 2/25/97), 690 So.2d 200; *see also State in the Interest of J.D.*, 13-964 (La.App. 4 Cir. 11/27/13), 129 So.3d 831. Therefore, we find that juveniles are entitled to seek post-conviction relief, including a request for an out-of-time appeal, within the two-year prescriptive period set forth under La.C.Cr.P. art. 930.8.

*State in the Interest of H.N.*, 15-173, p. 5 (La.App. 5 Cir. 6/30/15), 171 So.3d 1242, 1246.

In this case, we must determine if the "Motion to Modify Disposition" filed on behalf of J.T. constitutes a motion to modify a disposition pursuant to La.Ch.Code art. 909 or a motion to revoke probation pursuant to La.Ch.Code art. 913. It is the content of the pleading, rather than its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32. Pursuant to La.Ch.Code art. 909, the juvenile court retains the authority to modify a disposition as long as the disposition is still in effect:

> Except as provided for in Article 897.1 [juvenile life delinquent acts and armed robbery], after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.

"The trial court retains the power to modify a disposition at any time the disposition is in force. *See State v. J.R.S.C.*, 2000-2108 (La. 6/1/01), 788 So.2d

424." *State ex rel. C.H.*, 03-1279, p. 2 (La.App. 3 Cir. 1/28/04), 865 So.2d 947, 948.

However, the jurisdiction to modify a disposition ends once the disposition expires or is satisfied: "A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding authorized by this Code upon: .... (5) Expiration, satisfaction, or vacation of a juvenile disposition or adult sentence." La.Ch.Code art. 313(A).

Alteration of a juvenile's disposition may be accomplished through the filing of a motion for modification of disposition, which may be filed for the purposes of either lightening the conditions of probation or increasing the restrictions thereof, pursuant to La.Ch.Code art. 910:

> A.  Except as specially provided hereinafter in Articles 911 through 916, a motion for modification may be filed by the district attorney, the child, his parents, the custodian of the child, a probation officer, or the court.  A motion for modification shall be in writing and shall set forth in plain and concise terms the facts supporting the modification.

> B.  Any motion to modify may be denied without a hearing.

> C.  When the motion to modify seeks the imposition of less restrictive conditions, the court may modify a judgment without a contradictory hearing.

> D.  When the motion to modify seeks the imposition of more restrictive conditions, the court shall conduct a contradictory hearing, except upon the waiver of the parties.

> E.  A judgment of disposition shall not be modified to release a child from the custody of a public or private mental institution or an institution for persons with mental illness without three days prior notice to the district attorney and the institution.

> F.  If a judgment of disposition is modified, a copy of the minute entry reflecting the modification shall be served upon the district attorney, the child, his parent, and any person, institution, or agency to whom custody of the child is assigned.

5

The Louisiana Supreme Court has likened a motion to modify disposition to a motion for reconsideration of sentence filed by an adult defendant without the deadline provided for in La.Code Crim.P. art. 881.1. *J.R.S.C.*, 788 So.2d at 425-26.

Under the language of La.Ch.Code art. 909, the district court's authority to modify a disposition in reference to probation is limited to those authorized by La.Ch.Code art. 897(B) and La.Ch.Code art. 899(B), which provide for the imposition of conditions of probation. Louisiana Children's Code Article 897 deals with disposition after adjudication for certain felony-grade acts, and La.Ch.Code art. 899(B) deals with disposition after adjudication for misdemeanor-grade acts. The extension of probation is not authorized by La.Ch.Code art. 897(B):

> B. As conditions of probation, if ordered pursuant to Subparagraph (A)(3) of this Article:
>
> (1) The court shall impose all of the following restrictions:
>
> (a) Prohibit the child from possessing any drugs or alcohol.
>
> (b) Prohibit the child from engaging in any further delinquent or criminal activity.
>
> (c) Prohibit the child from possessing a firearm or carrying a concealed weapon, if he has been adjudicated for any of the following offenses and probation is not otherwise prohibited: first or second degree murder; manslaughter; aggravated battery; aggravated or first degree rape, forcible or second degree rape, or simple or third degree rape; aggravated crime against nature as defined by R.S. 14:89.1(A)(1); aggravated kidnapping; aggravated arson; aggravated or simple burglary; armed or simple robbery; burglary of a pharmacy; burglary of an inhabited dwelling; unauthorized entry of an inhabited dwelling; or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of these enumerated offenses.
>
> (2) The court may impose any other term and condition deemed in the best interests of the child and the public, including:

(a) A requirement that the child attend school, if the school admits the child.

(b) A requirement that the child perform court-approved community service activities.

(c) A requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act.

(d) A requirement that the child participate in any program of medical or psychological or other treatment found necessary for his rehabilitation.

(e) A requirement suspending or restricting the child's driving privileges, if any, for all or part of the period of probation. In such cases, a copy of the order shall be forwarded to the Department of Public Safety and Corrections, which shall suspend the child's driver's license or issue a restricted license in accordance with the order of the court.

(f) A requirement prohibiting the child from possessing a firearm or carrying a concealed weapon.

(g) A requirement that the child pay a supervision fee of not less than ten nor more than one hundred dollars per month, payable to the Department of Public Safety and Corrections or other supervising agency, to defray the costs of supervision. The amount of the fee shall be based upon the financial ability of the payor to pay such a fee. The court may order a parent, tutor, guardian, or other person who is financially responsible for the care of the child to be responsible for payment of all or part of any supervision fee imposed.

Modification of disposition by the extension of the probationary period is also not authorized by La.Ch.Code art. 899(B), which repeats the language in La.Ch.Code art. 897(B). Thus, we find the state's filing was not a motion seeking modification of disposition, as it did not request relief available under the procedures outlined in La.Ch.Code arts. 909 and 910.

Modification of probation can also be obtained through the filing of a motion to revoke probation pursuant to La.Ch.Code art. 913:

A. A motion filed to revoke a child's probation shall be accompanied by a supporting affidavit specifying the claimed violations which form the basis of the revocation. The child shall be entitled to a copy of the motion and supporting affidavit.

B. Unless the child waives his right, the court shall conduct a contradictory hearing. At this hearing, the child shall be entitled to:

(1) The right to confront and cross-examine adverse witnesses.

(2) The right to appear in person and to present witnesses in his own behalf.

(3) The right to have the state bear the burden of providing by clear and convincing evidence that he violated a condition of his probation which was contained in the order of disposition.

C. The hearing may be more informal and summary than an adjudication hearing. Consistent with the child's constitutional rights and the burdens upon the prosecution which full compliance with the Code of Evidence might otherwise entail, the court shall have discretion in the receipt and consideration of proffered evidence.

D. An order revoking probation shall comply with the requirements of Article 903.

Although juvenile probation revocation proceedings may result in the imposition of additional conditions of probation, as allowed by La.Ch.Code art. 909, juvenile probation revocation proceedings may also result in the extension of the probationary period:

A. Except as provided in Paragraph B of this Article, if the court finds that the child has violated a condition of his probation, it may, consistent with the best interests of the child and the public, do any of the following:

(1) Reprimand and warn the child.

(2) Order that supervision be intensified.

(3) Impose additional conditions to the probation.

(4) Extend the period of probation, provided the total amount of time served by the child on probation for any one offense shall not exceed the maximum period of probation authorized by Articles 898 and 900.

(5) Order that probation be revoked and execute the suspended sentence.

B. If the probation violation is the illegal or unlawful possession of a firearm, probation revocation is mandatory, and the child shall be committed to the custody of the Department of Public Safety and Corrections.

C. For repeated violations of a judgment of disposition, the court may also find the child in direct or constructive contempt of court and commit him to a juvenile detention center or other licensed facility, provided that the child shall not be physically housed in the same dormitory, room, or area used to house children adjudicated delinquent for behavior other than direct or constructive contempt.

La.Ch.Code art. 914. Juvenile courts are required to implement the least restrictive means available to obtain the desired result: "The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society." La.Ch.Code art. 901(B).

Counsel for the juvenile argues this court should apply La.Code Crim.P. art. 899 to the instant case, because the Louisiana Children's Code does not require the filing of a detainer, warrant, or summons with the motions for modification of disposition:

A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.

The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.

B. If a probation officer has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation or that an emergency exists so that awaiting an order of the court would create an undue risk to the public or to the probationer, the probation officer may arrest the defendant without a warrant, or

may authorize a peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant. The probation officer shall immediately notify the proper court of the arrest and shall submit a written report showing in what manner the defendant violated, or was about to violate, a condition of his probation.

C. The court may grant bail to a defendant who is arrested under this article.

D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.

E. Within ten days following the arrest of an offender pursuant to the provisions of this Article, the court shall determine if there is probable cause to detain him pending a final violation hearing and shall consider whether to allow the offender bail pending the final hearing. The determination of probable cause may be made without a formal hearing and may be conducted through the use of affidavits.

F. Probation officers shall be deemed to be peace officers and shall have the same powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions. They have all the immunities and defenses now or hereafter made available to sheriffs, constables, and police officers in any suit brought against them in consequence of acts done in the course of their employment.

"Probation revocation proceedings are initiated with either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions of probation or the issuance of a summons to appear to answer to a charge of violation or threatened violation." *State v. Johnson*, 602 So.2d 729, 730 (La.App. 5 Cir.), *writ denied*, 601 So.2d 663 (La.1992).

The parties cite to *State v. Lavergne*, 97-752, pp. 8-9 (La.App. 3 Cir. 6/3/98), 716 So.2d 92, 96, to illustrate the point that an adult defendant's probation may be

revoked after the probationary period only when La.Code Crim.P. art. 899(D) has

been satisfied prior to the end of the probationary period:

> In her fifth assignment, the defendant contends that her sentence is illegal because the revocation of her probation did not occur until after she had served all of her probation. On January 17, 1991, the defendant was placed on supervised probation for five years. Therefore, her probation was to conclude on January 17, 1996, unless it was revoked.
>
> La.Code Crim.P. art. 899(D) states the following:
>
>> When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.
>
> The affidavit and motion at issue were filed on January 16, 1996, and a summons to the defendant was issued on the same day. The filing of the affidavit and issuance of the summons pursuant thereto had the effect of stopping the running of the period of probation. Thus, we find no merit in this assignment of error.

However, in adult cases, if the provisions of La.Code Crim.P. art. 899(D) are not

met until after the probationary period, the district court no longer has the authority

to revoke the probation:

> It is well settled that once a probationary period has elapsed the defendant has automatically satisfied the sentence imposed. C.Cr.P. art. 898 (see Official Revised Comment (b)); *State v. Jones*, 285 So.2d 231 (La.1973); *State v. Martens*, 338 So.2d 95 (La.1976). Further, a non-fugitive defendant can be ordered to appear before a court to answer charges concerning possible probation violations only during the period of probation or suspension of sentence. C.Cr.P. art. 899; *State v. Harris*, 342 So.2d 179 (La.1977); *State v. Martens*, *supra*.
>
> In the instant case, no summons relating to a possible violation of a condition of probation was issued to Weysham during his one-year probationary period. As a result, defendant's probation was never suspended and it was successfully completed on April 20, 1978, one year after his sentence was imposed. C.Cr.P. art. 899; *State v. Martens*, *supra*; see also *State ex rel. DeGreat v. Phelps*, 377 So.2d 341 (La.1979). Once Weysham satisfied the sentence imposed, his

probation could not be revoked and he could not be subjected to a term of imprisonment. *See State v. Jones*, *supra*.

*State v. Weysham*, 410 So.2d 1104, 1105 (La.1982). The *Weysham* court repeated a principle that was stated the previous year:

> No warrant was ever issued for defendant's arrest, but the state contends that the rule to show cause interrupted the probationary period. Attached to the rule is an order for defendant to appear and show cause on June 16, 1981, why his probation should not be revoked. This order amounts to a summons to appear and answer the charges of parole violation. LSA-C.Cr.P. art. 899A.
>
> LSA-C.Cr.P. art. 899D provides that the running of the period of probation shall cease as of the time an arrest warrant is issued. Even granting the state's contention that personal service of a summons also interrupts the period of probation, there is no evidence that the rule to show cause was served on defendant Broussard prior to the time his probationary period was completed on June 8, 1981. Although revocation proceedings were instituted during the probationary period, the record does not reflect that Broussard was notified of those proceedings until after his probation terminated. Compare *State v. Rome*, 392 So.2d 407 (La., [sic] 1980). Due process requires that a probationer be given notice that a revocation hearing will take place. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Absent any notice or showing by the state that defendant could not be served, the sentence was automatically satisfied when the probationary period terminated. LSA-C.Cr.P. art. 898; *State v. Hunter*, 391 So.2d 844 (La., [sic] 1980); *State ex rel. DeGreat v. Phelps*, 377 So.2d 341 (La., [sic] 1979); and *State v. Harris*, 342 So.2d 179 (La., [sic] 1977).
>
> For the foregoing reasons, the ruling of the trial court is reversed; the state's rule to show cause why probation should not be revoked is quashed; and defendant is discharged.

*State v. Broussard*, 408 So.2d 909, 910-11 (La.1981). Once the probationary period has run, the trial court's jurisdiction to revoke or modify probation cannot be reestablished even by consent of the adult defendant:

> Strain's signing of this document in which she allegedly consented to extend her probation did not stop the running of the probationary period. Louisiana Code of Criminal Procedure article 899(D) provides for the suspension of the running of the probationary period as follows: "When a warrant for a defendant's arrest or a

summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued." Therefore, had Miller wanted to stop the period of probation from running when Strain failed to satisfy the conditions of her probation, he could have sought the issuance of a warrant or summons or had a detainer issued under La.C.Cr.P. art. 899(B). No warrant, summons, or detainer in compliance with La.C.Cr.P. art. 899(B) was issued in this case during Strain's original probation term to suspend the term. *See State v. Cannon*, 457 So.2d 1177, 1178-1179 (La.1984).

A defendant satisfies the sentence imposed by the trial court once he completes the original period of probation. *See State v. Weysham*, 410 So.2d 1104, 1105 (La.1982). According to La.C.Cr.P. art. 898, "Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897 [where the court terminates a defendant's probation and discharges the defendant at any time after the expiration of one year of probation], the defendant shall have satisfied the sentence imposed. . . ." Strain completed the original period of probation on September 4, 1994, and satisfied the sentence imposed.

Once the time period for Strain's original probation had run, the trial court could not extend her probation. Additionally, the trial court could not later revoke Strain's probation during the extended period because the extension was invalid. *See State v. Johnson*, 602 So.2d 729, 730 (La.App. 5th Cir.), *writ denied*, 601 So.2d 663 (La.1992); *State v. Rylee*, 591 So.2d 794, 796 (La.App. 5th Cir.1991), *writ denied*, 594 So.2d 1316 (La.1992). Thus, the trial court's extension of Strain's probation on November 4, 1994, and its revocation on April 8, 1996, were ineffective.

*State ex rel. Strain v. State*, 96-2308, 6-7 (La.App. 1 Cir. 6/20/97), 696 So.2d 664, 667-68.

Though the state argued that warrants, detainers, and summons are not customarily issued in juvenile motions for modification of disposition or revocation of probation, the Louisiana Children's Code allows for juveniles to be taken into custody in reference thereto. Under La.Ch.Code art. 812, children are not "arrested," but the authorities may take them into custody pursuant to a court order or the laws governing arrest:

13

A. A child may be taken into custody pursuant to an order of the court under this Title or pursuant to the laws governing arrest.

B. The taking of a child into custody is not an arrest, except for the purpose of determining its validity under the Constitution of the United States or the Constitution of Louisiana.

The district court may issue an order that a child be taken into custody based upon an affidavit of facts alleging the violation of his probation by either the district attorney or a probation officer:

A. The court may issue an order directing that a child be taken into custody upon presentation to the court of a written statement of facts sworn to before an officer authorized by law to administer oaths, by a peace officer, probation officer, district attorney, or other person designated by the court alleging facts showing that there is probable cause to believe either that:

(1) The child has committed a delinquent act.

(2) The child has violated the terms of his probation or otherwise has violated the terms of his release.

B. The verified complaint shall be filed with the clerk of court. If it is filed after the child has been taken into custody, the complaint shall indicate whether the child was released to his parents or continued in custody.

C. An order directing that a child be taken into custody may be executed by a peace officer or the child's probation officer having territorial jurisdiction over the child. The officer shall promptly notify the child's parents that their child has been taken into custody. The officer shall also promptly conduct the child to the appropriate facility in accordance with Article 815.

La.Ch.Code art. 813. Therefore, La.Ch.Code art. 813 does not mandate the child to be taken into extended custody because it allows the state to release the child to his parents; instead, La.Ch.Code art. 813 allows for initial actual custody in cases of probation violation followed by release into parental custody, which would satisfy the requirement for "least restrictive" means under La.Ch.Code art. 901(A).

14

As a motion to revoke probation, the state's pleading failed to meet the mandates of La.Ch.Code art. 913, because it failed to accompany its motion with a separate supporting affidavit specifying the alleged probation violations. Under La.Ch.Code arts. 812 and 813, a child may be taken into custody pursuant to a court order upon presentation of an affidavit swearing to a statement of facts sufficient to create probable cause to believe the child has violated the term of his probation. The state failed to obtain any such court order or produce any supporting affidavit in conjunction with its "Motion to Modify Disposition." Juvenile offenders are entitled to the preservation of due process. La.Ch.Code arts. 801 and 808. Therefore, the state's filing was insufficient to suspend the running of T.J.'s probationary period.

Accordingly, the district court's February 8, 2017 ruling granting the state's "Motion to Modify Disposition" and extending T.J.'s probation by six months is reversed. The juvenile, T.J., is hereby discharged. The matter is remanded to the district court for further proceedings consistent herewith.

**WRIT GRANTED AND MADE PEREMPTORY.**